```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     COLUMBIA DIVISION
```

RUDELL FUNZIE,                    )
                                  )
        Plaintiff                 )
                                  )
v.                                )    NO. 1:09-0001
                                  )    Judge Echols/Brown
GEORGE M. LITTLE, et al.,         )    **Jury Demand**
                                  )
        Defendants                )

**TO: THE HONORABLE ROBERT L. ECHOLS**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the motion to dismiss by the Defendants Little, Westbrook, Murphy, and Mathis (Docket Entry 33) be granted.

### Background

The Plaintiff originally filed this case in the Western District of Tennessee in April of 2008 (Docket Entry 1). The complaint was against a number of Department of Corrections employees. The gist of this suit is that while he was assigned to the Wayne County Boot Camp (WCBC) from June of 2007, through August of 2007, various employees confiscated some of his religious materials. He lists them as religious books, caps, hats, plastic bowls, paper amulets, raincoat, "The Element Encyclopaedia 500 Spells,"[1] belt, 13 nonreligious books, on the grounds that they were included as part of a security-threatened group (STG). He

---

[1] At ¶ 18 of Docket Entry 1, Plaintiff used "500 Spells" and at ¶ 34 he says "1000 Spells."

claims that they failed to recognize his religion (Wicca). They advised him that since he had listed Christian faith on his inmate information material, he was allowed a Bible, but not other materials pertaining to other religions. He alleges that when he was transferred from WCBC back to the Northwest Correctional Complex (NCC), the materials that had been taken from him were not returned to him and were apparently lost or destroyed.

The Western District subsequently denied appointment of counsel and ordered the case transferred to this District (Docket Entry 4). This transfer was based on the fact that all the activity complained of took place at the WCBC, which lies within the Middle District of Tennessee.

After the case was transferred here, service of process was obtained and the Attorney General now represents the Defendants. The Defendants Little, Westbrook, Murphy, and Mathis filed a motion to dismiss on April 14, 2009 (Docket Entry 33). The memorandum in support of this motion alleges that these four Defendants are not subject to claims under 42 U.S.C. 1983, as they had at most supervisory responsibility and there is no allegation of personal complicity (Docket Entry 34). They further allege that since there is a form of the Claims Commission where an inmate may bring a prisoner property loss claim, that there is no due process claim under 42 U.S.C. 1983. They point out that there are no allegations against LT Mathis in the complaint and that CORP Murphy

2

is sued simply as a grievance chairperson who did not grant the release through the grievance process that the Plaintiff wished. Deputy Warden Westbrook is sued as the institutional Title VI Coordinator and because the Plaintiff disagrees with his decision on the Title VI issues.

There has been no motion to dismiss by the remaining Defendants and contemporaneously with this Report and Recommendation the Magistrate Judge will enter a scheduling order in this case for the remaining Defendants.

## Legal Discussion

As of the date of this Report and Recommendation the Plaintiff has failed to respond and, therefore, under the Local Rules the Court may take the motion to dismiss as unopposed. Nevertheless, the Magistrate Judge has reviewed the pleadings and the Defendant's memorandum (Docket Entry 34). The Magistrate Judge believes that the memorandum correctly states the law under *Monell v. New York City*, 436 U.S. 658 (S. Ct. 1978). There is no *respondeat superior* liability under § 1983. Accordingly, Commissioner Little is entitled to be dismissed as a defendant in this lawsuit. Likewise, the complaint fails to state a due process claim because, as the State points out, Tennessee does provide a form of the Claims Commission in which an inmate may bring a prisoner property loss claim. *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), *cert. den.,* 469 U.S. 834 (1984). The State has also

3

attached a copy of *Dean v. Campbell*, 1997 WL 401960, Tenn. Ct. of App., to the same affect.

As to the Defendant Mathis, they point out that there is no mention of Mathis in the body of the complaint and, therefore, no allegations of personal involvement of this Defendant is alleged.

Finally, the State argues that the Defendants Westbrook and Murphy are entitled to dismissal because prison inmates do not have a Constitutionally-protected right to a grievance procedure, *Corn v. Lewis*, 996 F.2d 1214 (6th Cir. 1993). Copies of these opinions are attached to their memorandum (Docket Entry 34). Allegations that a defendant mishandled a grievance or failed to investigate a complaint fails to state claim, therefore officials whose only role involved in the case is denial of an administrative grievance or failure to act are not liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999).

Accordingly, the Magistrate Judge recommends that the claims against these four Defendants be dismissed with prejudice.

### Recommendation

For the reasons stated above, the Magistrate Judge recommends that the claims against Defendants Little, Mathis, Murphy, and Westbrook be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 10 days, from receipt of this Report and

4

Recommendation, in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have 10 days, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 10 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

      **ENTERED** this 18th day of May, 2009

                              /s/ Joe B. Brown
                              JOE B. BROWN
                              United States Magistrate Judge